UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD T. BROWN, et al., | No. 2:15-cv-2342-TLN-EFB PS |
| Plaintiffs, | |
| v. | ORDER AND ORDER TO SHOW CAUSE |
| NATIONAL CITY MORTGAGE, et al., | |
| Defendants. | |

Defendants moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) and noticed their motions for hearing on January 13, 2016.  ECF Nos. 5, 6.  Court records reflect that plaintiffs have not filed an opposition or statement of non-opposition to the motions.

Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by December 30, 2015. Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be grounds for dismissal, judgment by default, or other appropriate sanctions.  Local Rule 110 provides that failure to comply with the

1

Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, it is hereby ORDERED that:

1. The hearing on defendants' motion for dismiss (ECF Nos. 5, 6) is continued to February 3, 2016.

2. Plaintiffs shall show cause, in writing, no later than January 20, 2016, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motions.

3. Plaintiffs shall file an opposition to the motions, or a statement of non-opposition thereto, no later than January 20, 2016.

4. Failure of to file an opposition to the motions will be deemed a statement of non-opposition thereto, and may result in a recommendation that this this action be dismissed for lack of prosecution and/or for failure to comply with court orders and this court's Local Rules. *See* Fed. R. Civ. P. 41(b).

5. Defendants may file a reply to plaintiffs' oppositions, if any, on or before January 27, 2016.

6. Defendant PNC Bank, N.A.'s request to appear telephonically at the January 13, 2016 hearing is denied as moot.

DATED: January 5, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2